**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

BARRY W. H.,[1]                               Case No. 2:23-cv-4068
    Plaintiff,                            Graham, J.
                                              Litkovitz, M.J.
    vs.

COMMISSIONER OF                               **REPORT AND**
SOCIAL SECURITY,                              **RECOMMENDATION**
    Defendant.

Plaintiff Barry H. brings this action under 42 U.S.C. § 405(g) for judicial review of the

final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's

application for Disability Insurance Benefits (DIB).  This matter is before the Court on plaintiff's

Statement of Errors (Doc. 9),  the Commissioner's response (Doc. 10), and plaintiff's reply (Doc.

11).

**I.  Procedural Background**

This is plaintiff's second case before this Court.  Plaintiff protectively filed an application

for DIB in April 2019 alleging disability beginning January 2, 2019,[2] due to a 2012 back injury,

depression, ulnar nerve issues, and carpel tunnel syndrome.  (Tr. 155-56, 175-76).  His

application was denied initially and upon reconsideration.  Plaintiff, through counsel, requested

and was granted a *de novo* hearing before administrative law judge (ALJ) Irma J. Flottman.

Plaintiff and vocational expert (VE) Connie O'Brien-Heckler appeared telephonically and

testified at the ALJ hearing on December 7, 2020.  (Tr. 34-57).  On January 6, 2021, the ALJ

issued a decision denying plaintiff's application.  (Tr. 12-28).  On October 12, 2021, the Appeals

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

[2] Plaintiff subsequently amended his onset date to January 1, 2019.  (Tr. 171).

Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6).

On appeal to this Court, Judge Sargus issued an Order remanding the matter to the Commissioner pursuant to Sentence Four of § 405(g). *See Barry H. v. Comm'r of Soc. Sec.*, No. 2:21-cv-5426 (S.D. Ohio Oct. 7, 2022) (Tr. 495, adopting the Report and Recommendation of Magistrate Judge Deavers at Tr. 496-508). Pursuant to that Order, the Appeals Council issued an order vacating the final decision of the Commissioner and remanding the matter to an ALJ for further proceedings. (Tr. 512).

A second hearing was held on August 15, 2023 before ALJ Flottman. Plaintiff and VE John Finch appeared and testified. (Tr. 436-67). On September 25, 2023, the ALJ issued a second decision finding plaintiff not disabled. (Tr. 409-427). Plaintiff did not request review by the Appeals Council, opting instead to directly file the instant appeal in this Court.

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—*i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

## B. The Administrative Law Judge's Findings

In her September 25, 2023 decision, the ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through March 31, 2024.

2. [Plaintiff] has not engaged in substantial gainful activity since January 2, 2019, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. [Plaintiff] has the following severe impairments: degenerative disc disease of the lumbar spine with post-laminectomy syndrome; and degenerative disc disease of the cervical spine (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the [ALJ] finds that [plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he cannot climb ladders, ropes, and scaffolds. [Plaintiff] can occasionally crawl and climb ramps and stairs. Additionally, he can frequently stoop, kneel, and crouch. [Plaintiff] can also experience occasional exposure to hazards such as unprotected heights.

6. [Plaintiff] is capable of performing past relevant work as a sales representative, manufacturing representative, and territory sales manager. This work does not require the performance of work-related activities precluded by [plaintiff]'s residual functional capacity (20 CFR 404.1565).

7. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from January 2, 2019, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 414-26).

### C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 97 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the

Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers,* 582 F.3d at 651 (quoting *Bowen,* 478 F.3d at 746).

**D. Specific Errors**

Plaintiff argues that the ALJ erred by relying on VE Finch's classifications of plaintiff's past relevant work and in finding that plaintiff could perform that past relevant work given his residual functional capacity (RFC) for light work.[3] The Court begins by summarizing the relevant portions of this case's history before laying out the parties' arguments in more detail.

1. Initial ALJ hearing, federal court proceedings, and proceedings on remand

At the December 2020 ALJ hearing, plaintiff testified that his last job prior to his alleged onset date was with John Deere as a "lead chief sales person," a position he held for over six years. (Tr. 41). Plaintiff testified that in that position, there were "lots of times" when he would load up sold equipment for customers—including pushing, pulling, lifting, and carrying up to 50 pounds. (Tr. 42). Prior to that, plaintiff testified that he worked at Greenway, where he was "titled either a regional sales manager" or "territory manager"—i.e., an "outside sales person." (*Id.*). Plaintiff testified that when he was an outside sales person with the Ariens Company from

---

[3] Plaintiff does not challenge the RFC determination itself or any other aspect of the ALJ's decision, and any such challenges are therefore deemed waived. *See Watts v. Comm'r of Soc. Sec.*, No. 1:16-cv-319, 2017 WL 430733, at *11 (S.D. Ohio Jan. 31, 2017) (argument waived where plaintiff did not "develop it legally or factually in the Statement of Errors") (report and recommendation), *adopted*, 2017 WL 680538 (S.D. Ohio Feb. 21, 2017).

2000-2001, he also supervised employees.  (Tr. 43, 51-52).  Plaintiff testified that as an outside

sales person, he was "required to and did tow a 20' box trailer with heavy commercial lawn

mowing equipment in it to demonstrate to perspective (sic) retailers and the users."  (Tr. 42-43).

Plaintiff testified that he was required to push, pull, lift, and carry as much as 1,700 or 1,800

pounds in that position.  (Tr. 43).

After plaintiff's testimony, the ALJ asked VE O'Brien-Heckler to classify his past work.

(Tr. 53).  VE O'Brien-Heckler classified the John Deere position as Sales Representative, which

required light exertion as generally performed and medium exertion as actually performed by

plaintiff.  (*Id.*).  VE O'Brien-Heckler identified only one other job as past relevant work, which

she concluded was a "composite of two [Dictionary of Occupational Titles (DOT)]s."  (*Id.*).  The

first was Sales Distributor (light exertion), and the second was delivery driver (medium exertion).

(*Id.*).  VE O'Brien-Heckler testified that plaintiff could perform the Sales Representative position

as generally performed but no other past relevant work given the hypothetical RFC for light

work.[4]  (Tr. 54).

On cross examination of VE O'Brien-Heckler by plaintiff's counsel, the following

exchange took place:

Q. . . . [I]f we go back to the claimant's position -- the sales representative position,
he described doing it at medium, you indicated, and the *DOT* indicates it's generally
performed at light.  What about his job made it medium, as compared to the way
that it's generally performed?

A. Well, based on my experience, because the claimant testified that he was towing
lawn and garden equipment, even though that is the description in the *DOT*, the type
of equipment he was selling, I do -- in my -- it is my opinion it's *generally* performed
at the medium exertion level.  He was not just selling lawn mowers, but electric lawn
mowers; you know, weed whacks.  Those types of things.  Did I answer your
question?

---

[4] This hypothetical  RCF (Tr. 54) is substantively identical to the RFC proposed to VE Finch and adopted in the
September 2023 ALJ decision on remand (Tr. 419, 456-57).

Q. Right. So just to clarify, the type of sales that he did, in your opinion, is *generally* performed at the medium level, like he did?

A. Correct.

(Tr. 55-56 (emphasis added)).

The ALJ did not thereafter acknowledge or address the resulting, apparent inconsistency between VE O'Brien-Heckler's testimony and the DOT regarding whether Sales Representative, as generally performed, requires light or medium exertion. It was on this basis that Magistrate Judge Deavers recommended remand, with which Judge Sargus ultimately agreed (*see* Tr. 495). Magistrate Judge Deavers explained:

> The ALJ's failure to address this apparent conflict through further questioning of the VE at the hearing, and subsequent failure to explain her basis for concluding there was no conflict between the VE testimony and the DOT, are contrary to her obligations under SSR 00-4p. Because the ALJ failed to comply with SSR 00-4p, remand on this basis is warranted. *See Rand v. Comm'r of Soc. Sec.*, No. CV 20-12173, 2021 WL 4450014, at *5 (E.D. Mich. June 7, 2021), *report and recommendation adopted,* No. 20-CV-12173, 2021 WL 4440465 (E.D. Mich. Sept. 28, 2021) (… "if it is unclear whether the VE testimony and DOT actually conflict, but there is sufficient argument that a potential or apparent conflict may exist, remand for the ALJ to explore and resolve the potential or apparent conflict is needed"); *Simpson v. Comm'r of Soc. Sec.*, 2019 WL 1255427, at *8 (E.D. Mich. Mar. 19, 2019) (where the ALJ failed to inquire of the VE as to a "potential, if not apparent, conflict" between the VE's testimony and the DOT's description, the case should be remanded for the ALJ to make the appropriate inquiry); *Pauquette v. Saul*, 2019 WL 5872486, at *7 (M.D. Tenn. Aug. 15, 2019) ("Because [plaintiff] is entitled to a reasonable explanation regarding the apparent conflicts between the DOT and the VE's . . . the ALJ's conclusions based on the VE's testimony are not supported by substantial evidence [so] reversal and remand are appropriate.").

(Tr. 504-05).

On remand, at the August 2023 ALJ hearing, plaintiff again described his employment with John Deere in "retail sales. . . ." (Tr. 442). Plaintiff testified that this position included demonstrating and physically delivering the equipment to retail customers. (*Id.*). Plaintiff testified that he previously worked for Greenway as a "manufacturer's representative." (Tr. 443).

7

Plaintiff testified that he was "on the road"—driving "a 3/4-ton pickup with a 20-foot enclosed trailer, and 10 to 14,000 plus pounds of commercial lawnmowing equipment in that trailer. . . ." (*Id.*). Plaintiff testified that he lifted, carried, pushed, and pulled up to more than 100 pounds in this position. (Tr. 444). Plaintiff testified that he held a supervisory role while in a territory manager position from 1987-2006. (Tr. 447-48).

The ALJ asked VE Finch to classify plaintiff's work. (Tr. 455). VE Finch classified plaintiff's position with John Deere as Sales Representative, Farm Equipment, which was the same DOT position identified by VE O'Brien-Heckler. (Tr. 53, 456). VE Finch testified that it was light exertion as generally performed and heavy exertion as actually performed. VE Finch classified plaintiff's position with Greenway as Manufacturer's Representative, which required light exertion as generally performed and heavy exertion as actually performed. (Tr. 456). Finally, VE Finch classified a third position, which he described as a "territory manager," as Sales Manager because there was "no DOT code for [it]. . . ." (*Id.*). VE Finch testified that Sales Manager required sedentary exertion as generally performed but heavy exertion as actually performed by plaintiff. (*Id.*). The ALJ asked if that position would be considered a composite job with one of the other occupations, and VE Finch said that it would not. (*Id.*).

On cross examination, plaintiff's counsel asked VE Finch whether plaintiff's description of having to demonstrate the operation of equipment, including tractors, would be "a common practice" for purposes of the Sales Representative, Farm Equipment title. (Tr. 458). VE Finch responded: "Well, I would think so, yes." (*Id.*). Plaintiff's counsel then pointed out that Tractor Operator (DOT 929.683-014) requires medium exertion. (Tr. 459). VE Finch then qualified his testimony, saying that equipment demonstration is an "ancillary" part of the Sales Representative, Farm Equipment title, and such demonstration would be required less than 75% of the time. (Tr.

8

459-60). VE Finch conceded, however, that as generally performed, Sales Representative, Farm Equipment positions require equipment demonstrations. (Tr. 460).

Similarly, plaintiff's counsel pressed VE Finch on the elements of the Manufacturer's Representative title—highlighting plaintiff's testimony that he was required to demonstrate, load, and unload equipment and do a significant amount of driving. (Tr. 460-62). VE Finch reiterated his belief that plaintiff's Greenway position fell within the Manufacturer's Representative title. Finally, plaintiff's counsel questioned VE Finch's classification of the position he referred to as "territory manager" as Sales Manager. (Tr. 463-65). VE Finch insisted that it was his job to place claimants' positions within the DOT titles as nearly related as possible, and that he had not in 20 years had to conclude that a position did not exist within the DOT—particularly in a case such as this, where the job at issue was not a novel job. (Tr. 464-66).

2. Arguments

Plaintiff argues that when this Court originally remanded plaintiff's case, the ALJ was ordered on remand to specifically address an apparent conflict between the December 2020 testimony of VE O'Brien-Heckler and the DOT. Plaintiff argues that the ALJ completely ignored VE O'Brien-Heckler's testimony on remand, which led to a further unresolved conflict between that testimony and VE Finch's August 2023 testimony.

Plaintiff next argues that VE Finch improperly classified all of plaintiff's past relevant work. Plaintiff argues that VE Finch erroneously classified his work as a territory manager with supervisory responsibilities as Sales Manager. Plaintiff argues that VE Finch should not have classified this position to the most closely related DOT occupation because agency regulations and the VE Handbook specifically contemplate that not all jobs will fall within the DOT. Plaintiff

9

also argues that this position was too remote to be considered past relevant work under agency regulations.[5]

Plaintiff next argues that the John Deere and Greenway jobs, which the ALJ classified as Sales Representative, Farm Equipment and Manufacturer's Representative, respectively, should have each been classified as composite jobs under SSR 82-61. Plaintiff points to VE Finch's August 2023 testimony that this past relevant work required him to demonstrate heavy equipment, (un)load that equipment on and off trucks, and drive. Finally, plaintiff points to VE O'Brien-Heckler's December 2020 testimony that the Greenway position was a composite job (*see* Tr. 53-54) and argues that the ALJ failed to address this conflict with VE Finch's August 2023 testimony.

The Commissioner argues that the ALJ was not required to consider or resolve conflicts between VE O'Brien-Heckler's December 2020 testimony and VE Finch's August 2023 testimony because the ALJ's previous decision was vacated as part of the Order remanding the case. In addition, the Commissioner argues that neither this Court nor the Appeals Council specifically directed the ALJ to address the internal inconsistency in VE O'Brien-Heckler's testimony regarding the Sales Representative, Farm Equipment classification on remand. (*See* Tr. 495, 512).

The Commissioner next argues that the ALJ properly concluded that plaintiff could perform his past relevant work as classified by VE Finch. The Commissioner points to plaintiff's report to the agency that he worked as a Retail Sales Associate form 2013-2018 and as a Territory

---

[5] "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). This regulation cross references 20 C.F.R. § 404.1565(a), which states: "We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled (or when the disability insured status requirement was last met, if earlier) applies." *See also* Social Security Regulation (SSR) 82-62, 1982 WL 31386, at *2 (Jan 1, 1982) ("[T]he 15-year period is generally the 15 years prior to the time of adjudication at the initial, reconsideration or higher appellate level.").

Sales Manager from 2004-2010—both within the 15-year lookback period.  (*See* Doc. 10 at PAGEID 752-73, referring to Tr. 157-63 (earnings records); 184-96 (Work History Report)).  The Commissioner argues that there is substantial evidence in the record to support the ALJ's conclusion that these were not composite jobs, even if there is evidence in the record to support a different conclusion.

In his reply, plaintiff argues that the Commissioner's argument that the ALJ was not required to consider VE O'Brien-Heckler's previous *testimony* is based on inapposite case law concerning whether an ALJ must consider a previous ALJ's *findings* in a vacated decision. Plaintiff argues that there is no authority suggesting that an ALJ may ignore *evidence* that is part of the record—regardless of an intervening remand.  Plaintiff reiterates his position that VE Finch did not testify that his work involving employee supervision was past relevant work within the 15-year lookback period and, in any event, the VE inappropriately classified such work as Sales Manager (DOT 163.167-018).  Plaintiff concedes that his other positions (John Deere and Greenway) were past relevant work, but he argues that they should have been classified as composite jobs because, as generally performed, they had the physical requirements of Tractor Operator, which requires medium exertion.  Plaintiff argues that the Commissioner cannot rely on VE Finch's testimony that the jobs were not composite jobs where the ALJ "cherry picked" his testimony without mentioning or attempting to resolve the apparent conflict with VE O'Brien-Heckler's prior testimony.

3.  Analysis

At step-four of the sequential evaluation process, the ALJ considers past relevant work.  If a claimant "can still do [past relevant work], [the agency] will find that [the claimant] is not disabled."  20 C.F.R. § 404.1520(f).  Social Security Ruling 82-61 identifies three possible tests

for determining whether a claimant retains the capacity to perform his past relevant work.  These include: (1) whether the claimant "retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job"; (2) whether the claimant "retains the capacity to perform the particular functional demands and job duties" of his past job as he "actually performed it"; and (3) "[w]hether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy."  SSR 82-61, 1982 WL 31387, at *l-2 (Jan. 1, 1982).  Under the second test, the claimant should be found to be "not disabled" if the evidence shows that he retains the RFC to perform the functional demands and job duties of a past relevant job as he actually performed it. *Id.*  Under the third test, the DOT can be used to define the job as it is usually performed in the national economy, although "[i]t is understood that some individual jobs may require somewhat more or less exertion than the DOT description."  *Id.* at *3.  The Ruling clarifies:

> A former job performed [ ] by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy.  Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

*Id.*  The Program Operations Manual System (POMS) § DI 25005.020 is consistent with SSR 82-61 and instructs ALJs as follows:

> Composite jobs have significant elements of two or more occupations and as such, have no counterpart in the DOT.

> If you can accurately describe the main duties of PRW [past relevant work] only by considering multiple DOT occupations, the claimant may have performed a composite job.

> If you determine that PRW was a composite job, you must explain why.

12

When comparing the claimant's RFC to a composite job as it was performed, find the claimant capable of performing the composite job only if he or she can perform all parts of the job.

A composite job will not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work "as generally performed in the national economy."

POMS § DI 25005.020.[6]

The Court now considers the ALJ's evaluation of plaintiff's past relevant work.

a. *Sales Representative, Farm Equipment*

The Court begins with the ALJ's 2023 finding that plaintiff could perform his past relevant work with John Deer, which the ALJ classified as Sales Representative, Farm Equipment—light exertion as generally performed per DOT 272.357-014. (Tr. 426).[7] As an initial matter, by failing to specifically address VE O'Brien-Heckler's previous, inconsistent testimony on this point, the ALJ failed to comply with this Court's previous Order remanding the case. Magistrate Judge Deavers recommended remanding the case because "in failing to acknowledge or address [VE O'Brien-Heckler's] cross-examination testimony, the ALJ did not fulfill her duty to develop the record as required by SSR 00-4p." (Tr. 504). Judge Sargus adopted this recommendation (Tr. 495), which the Appeals Council incorporated into its own order vacating the previous ALJ decision (Tr. 512). At the very beginning of her September 2023 decision, the ALJ articulated her understanding of her duty on remand as the following: "Address potential conflicts concerning (1) the vocational expert's cross-examination testimony that the

---

[6] *See* Past Relevant Work (PRW) as the Claimant Performed It, POMS (rev'd June 21, 2024), https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005020 [https://perma.cc/HL6E-XS4R]. The POMS is used internally by employees of the SSA in evaluating Social Security claims and does not have the force and effect of law. *Davis v. Sec'y of Health & Hum. Servs.*, 867 F.2d 336, 340 (6th Cir. 1989). The POMS explains the meaning of SSA terms as well as the meaning intended by terms appearing within the regulations. *Id.* (citing *Powderly v. Schweiker*, 704 F.2d 1092 (9th Cir. 1983)). *See also Harper-Lee v. Astrue*, No. 2:11-cv-571, 2012 WL 4483007, at *5 (S.D. Ohio Sept. 27, 2012) (the POMS provides "only internal SSA guidance" and is not intended to and does not create rights enforceable by law).

[7] Both VEs classified plaintiff's John Deere position as Sales Representative, Farm Equipment based on the same hypothetical RFC for light work.

13

claimant's past relevant work as a sales representative is generally performed at the medium exertional level and (2) the provision of the DOT that it is generally performed at the light exertional level (DOT 272.357-014)."  (Tr. 412).  The ALJ did not, however, develop the record on this specific issue at the August 2023 hearing, and her September 2023 decision does not otherwise mention the internally conflicting, previous testimony by VE O'Brien-Heckler.  The ALJ therefore failed to comply with this Court's prior Order remanding this case.

In addition, ALJs are required to articulate whether "significant probative evidence" was either "not credited or simply ignored" to facilitate "meaningful appellate review."  *Morris v. Sec'y of Health & Hum. Servs.*, 845 F.2d 326 (6th Cir. 1988) (unpublished table decision) (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).  *See also Hopkins v. Comm'r of Soc. Sec.*, No. 1:07-cv-964, 2009 WL 1360222, at *14 (S.D. Ohio May 14, 2009) ("The ALJ may not ignore evidence favorable to plaintiff.  Rather, he must articulate the evidence accepted or rejected when making a disability finding to enable the reviewing court to engage in meaningful judicial review.").  This Court's previous Order remanding the case makes clear that it considered VE O'Brien-Heckler's testimony on the exertional level of the Sales Representative, Farm Equipment title significant probative evidence, and VE Finch's subsequent testimony was in conflict with VE O'Brien-Heckler's.  The ALJ was clearly aware of this conflict (*see* Tr. 412) but did not resolve it.  This was error.  *Cf. Daniel H. v. Kijakazi*, No. 3:21-cv-693, 2022 WL 4229926, at *1, 5 (W.D. Ky. Aug. 23, 2022) (report and recommendation) (the conflict between a VE's testimony on remand and a prior VE's testimony was non-apparent and therefore *not* the duty of the ALJ to resolve where the remand order did not relate to the prior VE's testimony, and the claimant's attorney did not raise the conflict), *adopted sub nom. Harris v. Comm'r of Soc. Sec.*, 2022 WL 4227267 (W.D. Ky. Sept. 13, 2022).

14

Resisting this conclusion, the Commissioner cites two district court cases to support his position that VE O'Brien-Heckler's prior testimony was irrelevant and therefore did not require resolution against VE Finch's. (*See* Doc. 10 at PAGEID 750, citing *Berry v. Comm'r of Soc. Sec.*, No. 3:17-cv-140, 2018 WL 3077608, at *4 (S.D. Ohio June 21, 2018); *Mason v. Berryhill*, No. 4:18-cv-865, 2019 WL 2465316, at *22 (N.D. Ohio Mar. 6, 2019) (report and recommendation), *adopted sub nom. Mason v. Comm'r of Soc. Sec.*, 2019 WL 3797930 (N.D. Ohio Aug. 13, 2019). But these decisions discuss an ALJ's prior *findings* and not the precise question of whether an ALJ may or should consider prior VE *testimony*—particularly in a case such as this, where a conflict in the original VE's testimony was the basis for the remand.

By contrast, there is ample authority for the proposition that VE testimony from a previous hearing is evidence that an ALJ may consider in a subsequent hearing. For example:

> A number of courts have found that an ALJ's reliance on vocational expert testimony from a prior appeal is proper when the ALJ's present RFC was the "same exact" RFC as that determined in the prior case. *See Hylton v. Colvin*, No. 4:13cv67, 2015 U.S. Dist. LEXIS 92850, at *19 (W.D. Va. July 17, 2015) (collecting cases); *see also Paulson v. Astrue*, 368 Fed.Appx. 758, 760 (9th Cir. 2010) (holding that ALJ properly relied on the vocational expert testimony from a prior hearing based on an essentially identical RFC assessment); *Byrd v. Astrue*, No. 3:07cv121, 2008 WL 4327006 (E.D. Tenn. Sept. 16, 2008) (rejecting claimant's argument that the ALJ erred in relying on previous vocational expert testimony when the claimant's RFC had not changed since the prior decision); *but see Satterfield v. Astrue*, No. 2:06cv0226, 2009 WL 3028645, at *9 (N.D. Tex. Sept. 22, 2009) (finding that denial of the of the opportunity for cross-examination of the vocational expert was prejudicial and remanding the case to "elicit VE testimony and allow cross-examination of the VE concerning jobs available for an individual of plaintiff's age, education, work history, and RFC.")[.] Thus, the ALJ's reliance on the testimony of the vocational expert during the 2008 hearing is not *per se* improper.

*Ramey v. Colvin*, No. 7:15-cv-242, 2016 WL 4529787, at *3 (W.D. Va. Aug. 3, 2016) (report and recommendation), *adopted*, 2016 WL 4532414 (W.D. Va. Aug. 29, 2016). *See also John J. v.*

*Kijakazi*, No. 20-cv-50118, 2021 WL 3910750, at *7 (N.D. Ill. Sept. 1, 2021) (discussing *Ramey* and other similar authority).[8]

Finally, even setting aside all of the foregoing, the Court is not convinced that VE Finch's testimony standing alone is substantial evidence to support the finding that plaintiff could perform work falling under Sales Representative, Farm Equipment.  Like with VE O'Brien-Heckler during the December 2020 hearing, plaintiff's counsel cross-examined VE Finch on the demonstration piece of the Sales Representative, Farm Equipment title.[9]  Like with VE O'Brien-Heckler, plaintiff's counsel elicited testimony from VE Finch suggesting that Sales Representative, Farm Equipment work, as generally performed, requires more than light exertion.  (*See* Tr. 458 ("Q. Would [demonstrating the operation of farm equipment] be a common practice. . . ?  A. Well, I would think so, yes."); Tr. 459-60 ("Q. But some of the job requires the ability to demonstrate the equipment.  Would you agree with me?  A. Yes."); Tr. 459 ("Q.  . . . So, it sounds like one would need to have the physical requirements of a tractor operator.  Would you agree with that, in order to demonstrate them?  A. Well, I think -- yes.")).  VE Finch later qualified this testimony, stating that it was "based on [plaintiff's] description, what [plaintiff did]" as opposed to as generally performed.  (Tr. 460).  But VE Finch's final testimony on this DOT title further clouds the issue: "Q.  . . .  [I]n the job, generally, in the economy, . . . do they generally need to be able to demonstrate the operation of the equipment?  A. Well they might, but I think that's not above . . . 75% of the work day."  (*Id.*).  The question left unanswered is whether Sales Representative,

---

[8] While the Court was unable to locate Sixth Circuit authority directly on point, the Court is aware of out-of-circuit authority consistent with the conclusion that it is not necessary to resolve a conflict between the testimony of a VE given in connection with a vacated ALJ hearing and a VE's testimony on remand.  *See Coulter v. Comm'r of Soc. Sec.*, 673 F. Supp. 3d 365, 375 (S.D. N.Y. 2023) (and cases cited therein).  The undersigned finds this authority is distinguishable given the facts of this particular case and the Court's instructions on remand.

[9] Sales Representative, Farm Equipment (DOT 272.357-014) incorporates the more general title, Sales Representative (retail trade; wholesale tr.), which includes the following: "May demonstrate use of merchandise."  DOT 279.357-054.

Farm Equipment—an occupation requiring demonstration of equipment as much as 75% of the work day according to VE Finch—is considered light or medium exertion.  This is the same ambiguity Magistrate Judge Deavers identified as requiring remand in the first place.

"[S]ubstantial evidence does not support an ALJ's decision to deny disability benefits where the VE's testimony was unclear." *Lurry v. Comm'r of Soc. Sec.*, No. 2:21-cv-09, 2021 WL 4771269, at *7 (S.D. Ohio Oct. 13, 2021) (report and recommendation) (quoting *Zerby v. Comm'r of Soc. Sec. Admin.*, No. 1:13cv1405, 2014 WL 3956778, at *6 (N.D. Ohio Aug. 13, 2014) (citations omitted)), *adopted*, 2021 WL 5299856 (S.D. Ohio Nov. 15, 2021).  *See also id.* (citing *Springer v. Comm'r of Soc. Sec.*, 451 F. Supp. 3d 744, 767 (E.D. Mich. 2020) ("Without such a bridge or other explanation by the ALJ concerning why she found the VE's experience-based opinion concerning the number of jobs to be reliable, this Court cannot meaningfully review the ALJ's finding of reliability."); *Moyers v. Colvin*, No. 3:13-0959, 2015 WL 1013992, at *21 (M.D. Tenn. Mar. 9, 2015) (remanding where the VE's testimony was "unacceptably vague" prohibiting "meaningful review of the Commissioner's decision") (report and recommendation), *adopted*, 2015 WL 1467178 (M.D. Tenn. Mar. 30, 2015)).  In the undersigned's view, there is no way to reasonably reconcile VE Finch's earlier testimony that demonstration was an "ancillary" part of the job that was "not enough to change the classification" (Tr. 459) with this latter testimony that demonstration could comprise up to "75% of the work day."  (Tr. 460).  This element of the ALJ's decision is not based on substantial evidence.  As such, the Court need not consider the separate argument that the ALJ erroneously found that the John Deere position was not a composite job.

b.  *Manufacturer's Representative*

The ALJ found that plaintiff's Greenway job was past relevant work classified as Manufacturing Representative—light exertion as generally performed per DOT 279.157-010. (Tr. 426). At the December 2020 ALJ hearing, VE O'Brien-Heckler categorized the Greenway position as a composite between two DOTs: Sales Distributor (light exertion) and Delivery Driver (medium exertion). (Tr. 53). At the August 2023 hearing, VE Finch testified that the Greenway position was *not* a composite position. (Tr. 456). Rather, VE Finch classified the Greenway position as Manufacturer's Representative. (*Id.*). In her September 2023 decision, the ALJ found that plaintiff's past relevant work did not include composite jobs—relying on VE Finch's testimony. (Tr. 426). But the ALJ's decision contains no discussion of the conflict between the VEs' opinions on this point.

Plaintiff argues that this lack of discussion was error, citing authority for the general propositions that the ALJ may not "cherry pick" evidence to support decisions, *see, e.g.*, *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723-24 (6th Cir. 2014), and must create a logical bridge between the record and the decision, *see, e.g.*, *Ephraim v. Saul*, No. 1:20-cv-633, 2021 WL 327755, at *7 (N.D. Ohio Jan. 8, 2021) (report and recommendation), *adopted sub nom. Ephraim v. Comm'r of Soc. Sec.*, 2021 WL 325721 (N.D. Ohio Feb. 1, 2021). The precise question presented, however, is whether the ALJ was *required* to resolve a conflict between VE testimony given in connection with a vacated decision and VE testimony proffered on remand in the absence of instructions to do so on remand.

As discussed above, there is authority for the proposition that the ALJ may consider and rely on a prior VE's testimony where the exact same RFC is at issue, *see, e.g.*, *Ramey*, 2016 WL 4529787, at *3; but this does not address whether an ALJ *must* consider and resolve conflicting, prior VE testimony given in connection with a vacated decision, *see supra* p. 16 n.8.

The undersigned finds it is unnecessary to resolve whether the ALJ was required to articulate her resolution of the conflict between VE O'Brien-Heckler and VE Finch's testimonies on the Greenway position's classification because the ALJ's decision to rely on VE Finch's testimony is not supported by substantial evidence.

Plaintiff testified at the August 2023 hearing that he "drove a 3/4-ton pickup" and was "on the road" in his Greenway position and in years prior. (Tr. 443, *see also* Tr. 444 ("A. And when you were doing that particular job, it sounds like you were on the road all the time, traveling? A. Yes.").

Plaintiff's counsel cross-examined VE Finch on the Manufacturer's Representative classification:

> Q. The manufacturer's representative, in which [plaintiff] indicated that he drove a pickup with an enclosed trailer with commercial lawnmowing equipment. He worked with retailers and end users, and that would involve having to load and unload the equipment on and off the truck and trailer, a significant amount of driving. Would that be consistent with light duty work, Dr. Finch?
>
> A. Well, for me it's -- I think that the DOT title does say, demonstrates products and points out saleable features. Now it doesn't go beyond that. . . . It doesn't say, ability to drive equipment or lift equipment or anything like that. But it does say demonstrate. You know, I have to go with the DOT job description here.
>
> . . . .
>
> Q. Does a manufacturer's representative typically need to drive places, to trade shows, conferences?
>
> A. Sure.
>
> Q. Okay. Are not most driving jobs classified by the DOT as . . . medium, because of the necessity to operate constant foot controls?
>
> A. Well, I think that -- those are driving jobs. That's a majority of their duties. . . . That's the distinction.
>
> . . . .

Q. . . . [I]n [plaintiff's] performance of the manufacturer's rep job, you said it was performed at heavy --

A. Yes.

Q. That would be inconsistent with the DOT. What aspects of the job made it heavy, and would those fall under different jobs then, making it a composite job?

A. No.

Q. Well, so --

A. If it was a composite job, it'd still be -- it would -- the things he did, in terms of demonstration, I don't see those at -- I mean, he is -- he did it at heavy. That's all I can say.

. . . .

Q. . . . And loading and unloading equipment from a trailer or a truck, is that a job that somebody does?

A. No, I think that's part of his job, as he described it. And he performed it at heavy.

Q. So, if it's generally performed at light, how would this job be done at light if this equipment requires the ability to lift or exert more than 20 pounds of force?

A. Yeah. He performed it at heavy.

(Tr. 461-63).

VE Finch never explains how an individual would perform the job if the exertion requirements relating to the equipment exceed light level, and the ALJ did not revisit this testimony during the balance of the hearing other than to ask, generally, how the VE determines whether a job is a composite job. (Tr. 466). VE Finch testified that he considers whether two jobs are "consistently fused and done as one job" and that it is a "judgment call on [his] part." (*Id.*). The ALJ relied on this testimony to find that plaintiff could perform past relevant work, stating that that VE Finch "explained" that the Greenway job was not a composite job. (Tr. 426).

In the Court's view, VE Finch's testimony on this point was confusing.  *See Lurry*, 2021 WL 4771269, at *7.  One the one hand, VE Finch appears to accept that a Manufacturer's Representative position would require loading and unloading products and driving places; on the other hand, VE Finch seems to maintain that such functions were limited only to the job as it was performed by plaintiff.  (*See* Tr. 461-63).  The Court cannot reconcile these two positions, and the ALJ's decision offers no way for the Court to meaningfully review why she relied on it.  As such, the ALJ's decision in this respect was not based on substantial evidence.

c.  *Sales Manager*

In her 2023 decision, the ALJ found that plaintiff had three positions that qualified as past relevant work and classified the third as Sales Manager.  (Tr. 426).  The ALJ based this conclusion on VE Finch's testimony, plaintiff's Work History Report (Tr. 189-96), and plaintiff's Certified Earning Records (Tr. 592-94).  (*See* Tr. 425-26).  Plaintiff argues that neither the testimony at the December 2020 hearing, nor the testimony at the August 2023 hearing, nor any other evidence supports the conclusion that plaintiff performed the position classified as Sales Manager within the 15-year lookback period under 20 C.F.R. § 404.1560(b)(1).  The Commissioner argues that plaintiff "claims that the jobs he testified about took place from 1987-2006 and 2000-2001" but that "it is clear . . . that Plaintiff performed these jobs between 2005-2010 and 2012-2019. . . ."  (Doc. 10 at PAGEID 752-53, referring to Tr. 157-63 (earnings records); 184-96 (Work History Report)).  In reply, plaintiff clarifies that he contests the past relevant work finding only with respect to the Sales Manager classification.

The ALJ's finding that plaintiff's supervisory position as a territory manager was past relevant work is not supported by substantial evidence.  In plaintiff's Work History Report, he lists only two positions within the applicable 15-year lookback: Retail Sales Associate (2013-

2018) and Territory Sales Manager (2004-mid 2010).  (Tr. 189).  In the DOT, the Sales Manager description begins: "Directs staffing, training, and performance evaluations to develop and control sales program."  DOT 163.167-018.  In plaintiff's Work History Report, by contrast, the detailed descriptions of these two positions specifically note that plaintiff did *not* supervise other employees in either job.  (Tr. 190-91).  Plaintiff's testimony also does not support the conclusion that he held a position that involved supervising employees during the 15-year lookback.  At the December 2020 hearing, plaintiff testified that he supervised employees when he worked for the Ariens Company between 2000 and 2001.  (Tr. 51).[10]  At the August 2023 hearing, plaintiff testified that he was only doing employee supervision between 1987 and 2006.  (Tr. 447-48).[11] The lookback period expired in August 2008, which was fifteen years prior to the August 2023 ALJ hearing—meaning that plaintiff's work experience in a supervisory position was not past relevant work.  *See* SSR 82-62, 1982 WL 31386, at *2 ("[T]he 15-year period is generally the 15 years prior to the time of adjudication at the initial, reconsideration or higher appellate level."). The parts of the record cited by the ALJ to support this finding do not show otherwise.

Given the foregoing, VE Finch's testimony is not substantial evidence demonstrating that plaintiff had a third position constituting past relevant work.  As such, the Court need not consider plaintiff's other arguments regarding the VE's classification of this third position as Sales Manager.

### 4.  Conclusion

The ALJ failed to comply with this Court's Order remanding the case.  In addition, the ALJ's decision at step four of the sequential evaluation process is not based on substantial

---

[10] This is consistent with the fact that VE O'Brien-Heckler classified only two positions as past relevant work.  (Tr. 53-54).
[11] Earlier in his testimony, plaintiff also stated that he only supervised employees in "[o]ne position. . . ."  (Tr. 443).

evidence for three reasons: (1) VE Finch's testimony regarding the exertion level necessary under the Sales Representative, Farm Equipment title was unclear and prevented meaningful appellate review; (2) VE Finch's testimony regarding whether plaintiff's Greenway position was a composite job was unclear and prevented meaningful appellate review; (3) VE Finch's testimony that plaintiff had a third position constituting past relevant work is not supported by the record. These errors are not harmless, and the case should remanded.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Statement of Errors (Doc. 9) be **SUSTAINED**;

2. The Commissioner's non-disability finding be **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS** consistent with this decision.

Date: 10/22/2024

Karen L. Litkovitz
Chief United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

BARRY W. H.,                                        Case No. 2:23-cv-4068
      Plaintiff,                                 Graham, J.
                                                   Litkovitz, M.J.
    vs.

COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).